**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Glen Miller, | : | |
| | : | |
| Plaintiff, | : | **JURY DEMANDED** |
| | : | |
| v. | : | No.: _____ |
| | : | |
| Precision Pipeline Solutions, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**<u>CIVIL ACTION COMPLAINT</u>**

Plaintiff, Glen Miller by and through his undersigned counsel, files this Complaint and avers as follows:

**I. PARTIES AND JURISDICTION**

1.     Plaintiff, Glen Miller ("Plaintiff"), is an adult individual residing in Bernville, Berks County, Pennsylvania.

2.     Defendant, Precision Pipeline Solutions LLC ("Defendant"), is a limited liability company, organized and existing under the laws of New York, registered to do business in Pennsylvania, and headquartered in New Windsor, New York. Plaintiff worked at their office located in Ephrata, Lancaster County, Pennsylvania.

3.     At all times material hereto, Defendant qualifies as Plaintiff's employer.

4.     At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

5.  Plaintiff has exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act.  (See Exhibit "A," a true and correct copy of a "right-to-sue" issued by the Equal Employment Opportunity Commission and Exhibit "B," a true and correct copy of the "one year letter" issued by the Pennsylvania Human Relations Commission.)

6.  This action is instituted pursuant to Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, and applicable federal and state law.

7.  Jurisdiction is conferred by 28 U.S.C. §1331 and §1343.

8.  Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

9.  The venue is properly laid in this district because Defendant conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28 U.S.C. § 1391(b)(1) and (b)(2). Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal conduct by Defendant, as set forth herein

## II. FACTS

10.  On or about June 1, 2018, Defendant hired Mr. Miller to work as a Foreman at their office in Ephrata, Pennsylvania.

11.  Mr. Miller is an African-American male.

12.  Mr. Miller endured racist treatment from his supervisor, Mr. Dave Olsen, from the time he was hired in 2018 until he was terminated.

13.  Mr. Olsen would make comments at least once a month about African-Americans in front of Mr. Miller.

14.    Mr. Olsen would say things like "Blacks only do that" or "Fuck the black!"

15.    In January 2019, during a company meeting Mr. Miller was handed a pamphlet by general foreman, Mr. Adam Shirk.

16.    While handing the pamphlet to Mr. Miller, it fell apart to which Mr. Olsen said "This is how we treat the Negros."

17.    Everyone in the meeting laughed and looked at Mr. Miller, who felt extremely uncomfortable.

18.    Mr. Miller was the only African-American employee present at the meeting; everyone else was Caucasian.

19.    On February 15, 2019, Mr. Olsen terminated Mr. Miller's employment.

20.    As Mr. Miller was leaving his termination meeting he heard a co-worker, Mr. Clint Tise, say "We got rid of the nigger."

21.    Comments like this were common amoung Defendant's employees and no action was ever taken.

22.    Defendant's primary motivation for terminating Plaintiff was due to his race.

23.    As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

### III. CAUSES OF ACTION

**COUNT I**
**TITLE VII –DISCRIMINATION & TERMINATION**
**(42 U.S.C.A. § 2000e-2(a))**

24.    Plaintiff incorporates paragraphs 1-23 as if fully set forth at length herein.

25. Defendant took adverse action against Plaintiff by terminating his employment.

26. Plaintiff's status as being African-American places him in the protected class of race.

27. Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to terminate his employment.

28. Plaintiff suffered disparate treatment by Defendant, as set forth above.

29. As such, Defendant's decision to terminate Plaintiff's employment is an unlawful employment practice under 42 U.S.C. § 2000e-2(a).

30. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

31. As a result of the conduct of Defendant's management, Plaintiff demands punitive damages.

32. Plaintiff demands attorney's fees and court costs under the Section 704(a) of the Title VII, 42 U.S.C. §2000e-3(a), et seq.

## COUNT II

### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (43 P.S. § 955)

33. Plaintiff incorporates paragraphs 1-32 as if fully set forth at length herein.

34. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not discriminate against an employee based on race.

4

35.    Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

36.    Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

37.    Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of his race and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

38.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

39.    As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

40.    Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

### IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Glen Miller, demands judgment in his favor and against Defendant, Precision Pipeline Solutions LLC,  in an amount in excess of $150,000.00 together with:

A.    Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost

opportunity, lost benefits, lost future earning capacity, injury to reputation, mental

and emotional distress, pain and suffering;

B.    Punitive damages;

C.    Attorney's fees and costs of suit;

D.    Interest, delay damages; and,

E.    Any other further relief this Court deems just proper and equitable.

Date: August 14, 2020                    **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____

**ROBERT H. GRAFF, ESQUIRE**
Two Penn Center, Suite 1240
1500 John F. Kennedy Blvd.
Philadelphia, PA  19102
Tel.: (267) 546-0138
Fax: (215) 944-6124
Email: robertg@ericshore.com
*Attorney for Plaintiff, Glen Miller*

6

# EXHIBIT "A"

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Glen Miller**
**924 Christnmas Village Road**
**Bernville, PA 19506**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2020-60287** | **Kurt Jung,**<br>**State, Local and Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R Williamson* (signature)

8/14/2020

Enclosures(s)

**Jamie R. Williamson,**
**District Director**

*(Date Mailed)*

cc:

**Robert H. Graff Esq.**
**(Charging Party Attorney)**

**Precision Pipeline Solutions LLC**
**Human Resources Manager**